# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| JAMES SPANN, Register No. 160792, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4042-CV-C-NKL |
| | ) | |
| LARRY CRAWFORD, Director, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff James Spann, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants have filed motions to dismiss plaintiff's claims on numerous grounds. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Upon review, the Court finds that plaintiff's claims which challenge his alleged denial of medical treatment should be dismissed because these claims were previously litigated in this court in Spann v. Crawford, No. 05-4067 (W.D. Mo. 2006). The doctrine of res judicata precludes the parties (and those in privity with them) from relitigating issues that were or could have been raised in a prior action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Res judicata applies if: "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Lane v. Peterson, 899

F.2d 737, 742 (8th Cir.); <u>Holloway v. Pigman</u>, No. 91-2570, slip op. (8th Cir. Mar. 12, 1992) (unpublished).  Two claims are the same when they both arise out of the same nucleus of operative fact, or are based upon the same factual predicate.  <u>Oberstar v. Federal Deposit Ins. Corp.</u>, 987 F.2d 494, 505 (8th Cir. 1993); <u>Murphy v. Jones</u>, 877 F.2d 682, 684-85 (8th Cir. 1989).

Plaintiff's claims challenging denial of medical treatment for alleged injuries resulting from the use of force at issue in this case are the same as those medical claims challenged in his previous case in which a final judgment was entered by this Court on August 21, 2006.  Thus, his present claims alleging denial of medical treatment could have been raised in his prior case, and are barred by the doctrine of res judicata.

In taking plaintiff's remaining claims in the light most favorable to plaintiff, the Court finds these claims are sufficient to proceed at this stage of the proceedings.  The motions of defendants to dismiss and the arguments contained therein are more appropriately addressed at summary judgment.

On November3, 2006, plaintiff filed a motion for appointment of counsel.  On March 23, 2006, plaintiff's previous motion for appointment of counsel was denied.  The Court finds no significant change of circumstances, and for the reasons previously set forth by this court, plaintiff's motion will be denied.

On May 1, 2006, plaintiff filed a motion to amend his complaint adding defendant Gene Blount.  Defendants responded, advising that plaintiff identified Blount in his original complaint, although did not name him as a defendant.  Defendants do not challenge the amendment and defense counsel has stated service of process would be waived should the amendment be granted.  Plaintiff's motion to amend is granted.

Plaintiff's May 1, 2006 motion for default judgment was prematurely filed and is denied. Plaintiff's October 10 and 19, 2006 motions for default judgment as to Mr. VanKuelen and Mr. Grisham are also denied.  The service of process information provided by defense counsel, in camera, for defendant VanKuelen was returned unexecuted.  Plaintiff has not provided an additional address.  Plaintiff is directed to show cause why his claims against VanKuelen should not be dismissed, pursuant to Fed. R. Civ. P. 4(m).

Service of process on defendant Grisham was executed on November 27, 2006. Defendant Grisham will be directed to show cause why default judgment should not be entered against him.

IT IS, THEREFORE, ORDERED that within twenty days, defendant Grisham show cause, in writing, why default judgment should not be entered against him. It is further

ORDERED that within twenty days, plaintiff show cause, in writing, why his claims against defendant VanKeulen should not be dismissed, pursuant to Fed. R. Civ. P. 4(m). It is further

ORDERED that plaintiff's motions for default judgment are denied. [18, 40, 41, 44] It is further

ORDERED that plaintiff's motion to amend adding defendant Gene Blount is granted. [14] It is further

ORDERED that within twenty days, the Attorney General confirm his waiver of service of process on behalf of defendant Gene Blount. It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [50] It is further

ORDERED that plaintiff's December 13, 2006 motion has been considered in response to defendants' motions to dismiss and is moot. [53] It is further

RECOMMENDED that defendants' motions to dismiss be denied, in part, and granted, in part. [23, 33] It is further

RECOMMENDED that defendants' motion to dismiss be granted regarding plaintiff's medical claims, which are dismissed, pursuant to the doctrine of res judicata and 28 U.S.C. § 1915, for failure to state a claim on which relief may be granted. It is further

RECOMMENDED that defendants' motions to dismiss be denied as to plaintiff's remaining claims.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

3

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 6th day of February, 2007, at Jefferson City, Missouri.


/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge